Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOBIA IPPOLITO,<br><br>*Plaintiff*,<br><br>v.<br><br>CRAIG CARPENITO, in his official capacity as United States Attorney District of New Jersey, CLIFFORD J. WHITE III, in his official capacity as Director of United States Trustee Program, and THEODORE N. STEPHENS II, in his official capacity as acting Essex County Prosecutor,<br><br>*Defendants.* | Civil Action No. 19-19818<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Tobia Ippolito brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-10. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, but **DISMISSES** Plaintiff's Complaint (D.E. 1) ("Compl.") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

Plaintiff's Complaint sets forth counts against Carpenito, White, and Stephens under 18 U.S.C. § 3057, 18 U.S.C. § 3771, the New Jersey Constitution (Article I, Paragraph 22), and "N.J.S.A. § 54:B-36." Compl. ¶¶ 8-74. The Court finds that Sections 3057 and 3771 fail to state a claim upon which relief may be granted and the state law claims fail based on lack of subject matter jurisdiction.

Plaintiff brings two counts - Counts One and Four - pursuant to 18 U.S.C. § 3057, a bankruptcy investigations statute, against White and Carpenito. Compl. ¶¶ 28, 60. However, Section 3057 does not appear to provide a private right of action. Therefore, Counts One and Four fail to state claims upon which relief may be granted.

Plaintiff brings two additional counts - Counts Two and Three - pursuant to 18 U.S.C. § 3771, the crime victims' rights statute. Compl. ¶¶ 32, 56. Plaintiff demands for judgments to be issued against White and Carpenito ordering each Defendant to "perform his duties" pursuant to the crime victims' right statute. *Id.* However, Section 3771(d)(6) clearly states that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). The issuance of the judgment Plaintiff requests would clearly impair the prosecutorial discretion of Carpenito. Furthermore, Plaintiff does not allege that Section 3771 provides for a private cause of action against White as Director of the United States Trustee Program, and the Court does not find a private cause of action therein. Therefore, Counts Two and Three fail to state claims upon which relief can be granted.

Lastly, Plaintiff brings Count Five against Stephens for violations of New Jersey Constitution Article I, Paragraph 22 and "N.J.S.A. § 54:B-36."[1] While the Court has supplemental

---

[1] Plaintiff may have miscited this statute in his Complaint and instead intended to rely on N.J.S.A. § 52:4B-36, the crime victims' rights statute Plaintiff cited in Attachment 9. D.E. 1-9. Since the

3

jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a), Section 1367(c) gives district courts discretion to decline to hear state law claims that they would otherwise have supplemental jurisdiction over through Section 1367(a). Specifically, Section 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed at an early stage of litigation, courts generally decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, at the earliest possible stage of the proceedings, the Court is dismissing Plaintiff's Section 3057 and 3771 claims, which provided the Court with federal question jurisdiction. As a result, the Court exercises its discretion pursuant to Section 1367(c) and declines supplemental jurisdiction at this time. Therefore, Plaintiff's state law claims under Count Five are dismissed for lack of subject matter jurisdiction.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's allegations, it appears that any attempt at amendment would be futile. However, because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with

---

Court is dismissing all state law claims for lack of subject matter jurisdiction, the Court's decision would be the same even if Plaintiff had relied on Section 52:4B-36.

4

one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant concerning the allegations in the Complaint.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 5th day of December, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Tobia Ippolito's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the date of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by regular and certified mail return receipt.

John Michael Vazquez, U.S.D.J.