Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOBIA IPPOLITO,<br><br>*Plaintiff,*<br><br>v.<br><br>CRAIG CARPENITO, in his official capacity as United States Attorney District of New Jersey, MARTHA HILDEBRANDT, in her official capacity as Assistant U.S. Trustee, CLIFFORD J. WHITE III, in his official capacity as Director of United States Trustee Program, THEODORE N. STEPHENS II, in his capacity as acting Essex County Prosecutor, and United States of America,<br><br>*Defendants.* | Civil Action No. 19-19818<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Tobia Ippolito brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This Court previously granted his application to proceed *in forma pauperis* but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief could be granted. The Court provided Plaintiff with leave to file an amended complaint, which Plaintiff filed on December 31, 2019. D.E. 6. For the reasons discussed below, the Court **DISMISSES** Plaintiff's First Amended Complaint (D.E. 6) ("FAC").

I. **FACTS AND PROCEDURAL HISTORY**

The allegations in Plaintiff's FAC are substantially similar to the allegations in his original Complaint. The FAC sets forth counts against Defendants Craig Carpenito, in his official capacity as United States Attorney District of New Jersey; Martha Hildebrandt, in her official capacity as

Assistant U.S. Trustee; and Clifford J. White III, in his official capacity as Director of United States Trustee Program, under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and sets forth a count against Defendant Theodore N. Stephens II, in his capacity as acting Essex County Prosecutor, under the New Jersey Constitution (Article I, Paragraph 22) and "N.J.S.A. § 54:B-36."[1] FAC ¶¶ 37-41, 42-45, 46-69, 70-83.

Plaintiff alleges that Lisa Ippolito, his former spouse, defrauded him by concealing assets and making false claims during a bankruptcy proceeding in violation of federal law. *Id.* ¶¶ 10-11, 23-24. Plaintiff further alleges that the Chapter 7 Trustee in Plaintiff's bankruptcy proceeding, the Trustee's counsel, Lisa Ippolito, and her counsel all participated in this fraudulent scheme. *Id.* ¶ 23. In 2017, Plaintiff states that he contacted Hildebrandt at the Office of the United States Trustee in New Jersey by phone and in writing to report these alleged violations. *Id.* ¶¶ 9-16. Plaintiff alleges that the Office of the Trustee did not respond to Plaintiff's allegations or update him on the status of any investigation into his allegations. *Id.* ¶ 17. Plaintiff then contacted the Office of Criminal Enforcement at the Office of the Trustee in Orlando by phone and in writing to report the alleged bankruptcy fraud. *Id.* ¶¶ 18-28. However, Plaintiff alleges that the Office of Criminal Enforcement also did not respond to his inquiries about the investigation. *Id.* ¶¶ 29, 32.

Plaintiff subsequently contacted the United States Attorney's Office for the District of New Jersey ("USAO") to report the alleged crimes, including bankruptcy fraud. *Id.* ¶¶ 47-52. A representative of the USAO contacted Plaintiff on September 3, 2019, however, Plaintiff states

---

[1] The FAC's caption lists the United States of America ("USA") as a Defendant, but none of Plaintiff's four Counts are brought against the USA. Since the FAC fails to make any allegations as to the USA, the FAC is dismissed as to the USA without the Court conducting a sovereign immunity analysis.

2

that he never received an update on any investigation into his allegations and has not received any communication from the USAO since September 3, 2019. *Id.* ¶¶ 54-64.

This Court dismissed Plaintiff's original Complaint for failure to state a claim as to Counts One through Four (pursuant to 18 U.S.C. § 3057, a bankruptcy investigations statute, and 18 U.S.C. § 3771, the CVRA) and for lack of subject matter jurisdiction as to Count 5 (pursuant to the New Jersey Constitution and N.J.S.A §54:B-36). *See* D.E. 5 at 3-5 ("Prior Op."). Plaintiff was given thirty days to file an amended complaint addressing the Complaint's deficiencies. *Id.* at 5. Plaintiff filed the FAC on December 31, 2019. D.E. 6.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 1915

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer

3

possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. LEGAL ANALYSIS

The FAC differs only slightly from the original Complaint. The CVRA counts in the FAC against White and Carpenito (Counts Two and Three in the FAC, respectively), and the state law count against Stephens (Count Four in the FAC) are all nearly identical to the counts against those same Defendants in the original Complaint save one paragraph that Plaintiff added to each: "Nothing within this order is intended to impair the prosecutorial discretion of any prosecutor whatsoever or any officer under his discretion." *See* FAC ¶¶ 42-45 (amended CVRA count against White), 46-69 (amended CVRA count against Carpenito), 70-83 (amended state law count against Stephens); Compl. ¶¶ 29-32 (original CVRA count against White), 33-56 (original CVRA count against Carpenito), 61-74 (original state law count against Stephens). Another difference between

4

the Complaint and the FAC is that Plaintiff did not include Hildebrandt in the original Complaint. The CVRA count in the FAC against Hildebrandt (Count One) is identical to Count Two against White, including the paragraph on prosecutorial discretion. FAC ¶¶ 37-41. In the FAC, Plaintiff also removed two counts for violations of 18 U.S.C. § 3057 that were in the original Complaint. *See* Compl. at 2, 11.

Plaintiff brings Counts One, Two, and Three pursuant to the CVRA, demanding for judgments to be issued against Hildebrandt, White, and Carpenito to "perform [their] duties" pursuant to the CVRA. FAC ¶¶ 40, 45, 69. However, the FAC suffers from the same deficiencies that Plaintiff's original Complaint suffered from. As discussed in the prior Opinion, Section 3771(d)(6) of the CVRA clearly states that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). The sentence Plaintiff added to each CVRA count – "[n]othing within this order is intended to impair the prosecutorial discretion of any prosecutor whatsoever or any officer under his discretion" – does not change the fact that issuance of the judgment Plaintiff requests would clearly impair Carpenito's prosecutorial discretion in violation of Section 3771(d)(6). *See* FAC ¶ 69(h). Therefore, Plaintiff fails to state a claim upon which relief could be granted as to Carpenito. Furthermore, Plaintiff does not allege that the CVRA provides for a private cause of action against Hildebrandt as the Assistant U.S. Trustee or against White as Director of the United States Trustee Program, and the Court does not find private causes of action therein. Therefore, Counts One, Two, and Three fail to state claims upon which relief can be granted.

Consequently, Plaintiff's only remaining count is the one filed against Stephens for state law violations – Count Four. While the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), Section 1367(c)(3) provides that "district courts may decline to

5

exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." When federal claims are dismissed at an early stage of litigation, courts generally decline to exercise supplement jurisdiction over the remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, at the earliest stage of the proceedings, the Court is dismissing Plaintiff's federal CVRA claims, which provided the Court with federal question jurisdiction. As a result, the Court exercises its discretion pursuant to Section 1367(c) and declines supplemental jurisdiction at this time. Therefore, Plaintiff's state law claim under Count Four is dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, Plaintiff fails to plausibly plead a cause of action, and his FAC is dismissed. Because Plaintiff has been given an opportunity to amend the complaint and it appears another amendment would be futile, the Court will not provide Plaintiff with additional opportunities to amend.[2] Putting aside Plaintiff's factual allegations, Plaintiff appears to be asserting causes of action that the law does not recognize. This fundamental defect cannot be cured.

## IV. CONCLUSION

Thus, for the reasons set forth above and for good cause shown,

IT IS on this 6th day of February, 2020,

**ORDERED** that Plaintiff's First Amended Complaint, D.E. 6, is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by certified mail return receipt; and it is further

---

[2] Plaintiff will not be able to bring any future action in this Court against Defendants based on the allegations in this case.

6

**ORDERED** that the Clerk of the Court is directed to close this matter.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.