# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOBIA IPPOLITO,<br><br>   *Plaintiff*,<br><br>  v.<br><br>CRAIG CARPENITO, in his official capacity as United States Attorney District of New Jersey, CLIFFORD J. WHITE III, in his official capacity as Director of United States Trustee Program, and THEODORE N. STEPHENS II, in his official capacity as acting Essex County Prosecutor, and United States of America.<br><br>   *Defendants*. | Civ. Action No. 19-19818<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court on a motion for reconsideration filed by Plaintiff Tobia Ippolito ("Plaintiff"). D.E. 7. Plaintiff asks the Court to reconsider its December 5, 2019 Opinion & Order, D.E. 5 ("Prior Op."), dismissing Plaintiff's Complaint. The Court reviewed all submissions[1] made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion for reconsideration is **DENIED**.

---

[1] Plaintiff's brief in support of his motion for reconsideration will be referred to hereinafter as "Pl. Br." D.E. 7-1.

## I. BACKGROUND

On November 4, 2019, Plaintiff filed his Complaint and an application to proceed *in forma pauperis*. D.E. 1. On December 5, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed the Complaint, D.E. 1 ("Compl."), without prejudice. Prior Op. at 5. On December 31, 2019, Plaintiff filed the current motion for reconsideration. D.E. 7.

## II. RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Plaintiff has complied with this requirement. Substantively, a motion for reconsideration is viable in three situations: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

**III. ANALYSIS**

In the Court's December 5, 2019 Opinion, the Court dismissed each of Plaintiff's claims. Prior Op. at 5. Plaintiff alleged that Defendants White and Carpenito violated Plaintiff's rights as stated in the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Compl. ¶¶ 29–32 (Count Two, alleging CVRA violations against White), 33–56 (Count Three, alleging CVRA violations against Carpenito). Plaintiff further alleged that Defendants White and Carpenito violated 18 U.S.C. § 3057, a bankruptcy investigation statute. *Id.* ¶¶ 8–28 (Count One, alleging Section 3057 violation against White), 57-60 (Count Four, alleging Section 3057 violation against Carpenito). Lastly, Plaintiff alleged state law claims against Defendant Stephens under Article I Paragraph 22 of the New Jersey Constitution and N.J.S.A § 54:B-36. *Id.* ¶¶ 61–74 (Count Five).

The Court dismissed Plaintiff's CVRA claims for failure to state a claim. Prior Op. at 3. Specifically, the Court dismissed Count Two because Plaintiff did not demonstrate that Section 3771 provides for a private right of action against the United States Trustee Program and dismissed Count Three because issuing a judgment against Carpenito would "clearly impair Carpenito's prosecutorial discretion" in violation of Section 3771(d)(6). *Id.* (citing 18 U.S.C. § 3771(d)(6)). The Court also dismissed Plaintiff's Section 3057 claims for failure to state a claim because Section 3057 "[did] not appear to provide a private right of action." *Id.* Lastly, the Court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state law claims and dismissed the claims for lack of subject matter jurisdiction. *Id.* at 4.

Counts One and Four are not at issue in the current motion as Plaintiff concedes that the proper forum for his claims is the bankruptcy court. As to the dismissal of Counts Two and Three, Plaintiff first contends that a recent case from the Southern District of Florida qualifies as an intervening change in the controlling law. Pl. Br. at 5 (citing *Does v. United States*, No. 08-80736-

CIV, 2019 WL 4409216, at *1 (S.D. Fla. Sept. 16, 2019) (considering remedies for CVRA violations) (*Does II*)). However, among other issues, *Does II* was decided before Plaintiff filed his original Complaint and thus cannot qualify as an intervening change in the law. *See id.* at *1; Compl. at 1 (filed Nov. 4, 2019). Moreover, *Does II* is not binding precedent.

Plaintiff next contends the Court "erred in matters of fact and law" in dismissing his CVRA counts. Pl. Br. at 4–5. Plaintiff cites a Fifth Circuit case in which crime victims asserted their CVRA rights before the government filed official charges. Pl. Br. at 7–8 (citing *In re Dean*, 527 F.3d 391 (5th Cir. 2008)). However, *Dean* is readily distinguishable. In *Dean*, the Fifth Circuit concluded that the CVRA afforded victims a "right to confer" with a government attorney before official charges were filed. *See In re Dean*, 527 F.3d at 395. Additionally, the Fifth Circuit confined its holding to the facts before it. *See id.* at 394 ("At least in the posture of this case (and we do not speculate on the applicability to other situations), the government should have fashioned a reasonable way to inform the victims of the likelihood of criminal charges[.]").[2]

Plaintiff also cites *United States v. Rubin*, wherein the district court considered the CVRA's applicability to a securities fraud prosecution. 558 F. Supp. 2d 411 (E.D.N.Y. 2009). Like *Dean*, the investigation in *Rubin* was underway when the victim asserted his CVRA rights in the district court. *See id.* at 413. In discussing the limitations of the CVRA, the *Rubin* court concluded that the "right to be reasonably protected from the accused" only arises once the government has sufficiently investigated the potential crime. *See id.* at 419 ("For example, the realm of cases in which the CVRA might apply despite no prosecution being 'underway,' cannot be read to include

---

[2] Plaintiff also cites *United States v. Okun*, No. 18-132, 2009 WL 790042 (E.D. Va. Mar. 24, 2009). However, *Okun* involved victims' rights to be present at trial, an issue not presented in the current matter. *See id.* at *1–2.

the victims of uncharged crimes that the government has not even contemplated."). Here, Plaintiff does not identify an investigation. *Dean* and *Rubin* are not applicable as persuasive authority.

The other cases Plaintiff cites similarly involve situations where the government already began its investigation before victims asserted their CVRA rights. *See Kenna v. United States Dist. Court for Central Dist. of Cal.*, 435 F.3d 1011, 1012–15 (9th Cir. 2006) (addressing victims' CVRA rights during sentencing, after investigation and prosecution took place); *United States v. Turner*, 367 F. Supp. 2d 319, 320–21 (E.D.N.Y. 2005) (addressing applicability of CVRA to criminal matter already under investigation). None of the cases Plaintiff cites implicate the government's prosecutorial discretion because the government's investigation in each case was already underway.

By contrast, Plaintiff seeks an order directing Carpenito to "perform his duties." Compl. ¶¶ 32, 56. To direct Carpenito to "perform his duties" in the absence of any charges or investigation would be to "impair the prosecutorial discretion" of Carpenito. 18 U.S.C. § 3771(d)(6). With the motion for reconsideration, Plaintiff simply seeks a "second bite at the apple" based on the same arguments already rejected by the Court. Plaintiff fails to prove the Court erred in matters of fact or law. Plaintiff also fails to address the Court's conclusion in its Prior Opinion that the CVRA does not authorize a private cause of action against the Trustee Program.

Lastly, Plaintiff seeks to reinstate the state-law counts in the Complaint. He argues that because the Court should not dismiss his CVRA counts, it should exercise its supplemental jurisdiction over the state law counts. Pl. Br. at 9. However, because Plaintiff's motion for reconsideration fails as to the CVRA, the Court denies Plaintiff's request to reinstate the state-law counts.

In sum, because Plaintiff fails to fulfill his burden of showing a clear error of law or that there was an intervening change in the controlling law, Plaintiff's motion for reconsideration is denied.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 13th day of April, 2020,

**ORDERED** that Plaintiff's motion for reconsideration (D.E. 7) is **DENIED**.

John Michael Vazquez, U.S.D.J.